UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY A. WALKER,

                           Plaintiff,

  -v.-                                                     9:05-CV-1372
                                                                  (GLS)(GJD)

DAVID SNYDER, Genesee - B Correctional Counselor;
JAMES COCHRAN, Former Inmate Systems Manager;
D.B. DREW, Warden; D. SCOTT DODRILL, Regional
Director, Northeast Regional Office; and HARRELL WATTS,
Administrator National App. BOP Central Office,

                           Defendants.

APPEARANCES:

JEFFREY A. WALKER
Plaintiff, *pro se*

HON. GLENN T. SUDDABY                    BARBARA D. COTTRELL, Esq.
United States Attorney                        Assistant U.S. Attorney

GARY L. SHARPE, U.S. District Judge

## DECISION and ORDER

      Presently before this Court a request for injunctive relief submitted by plaintiff Jeffrey A. Walker. Dkt. No. 7. Walker has also submitted an amended complaint as of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,[1] and a motion for a writ of attachment. Dkt. Nos. 18 and 21. Defendants have responded in opposition to the motion for a writ of attachment. Dkt. No. 23.

**I.     Injunctive relief**

---

[1] Rule 15(a) provides in pertinent part, that a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served."

A preliminary injunction is an extraordinary remedy that should not be granted as a routine matter. *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, the party seeking the injunction must show (a) a threat of irreparable injury if the injunction is not granted and (b) either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party. *Burgess v. Friedmann*, No. 9:05-CV-0379, 2005 WL 3531459, at *2 (N.D.N.Y. Dec. 22, 2005) (citing *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996)). However where a movant seeks relief which will alter, rather than maintain, the status quo, or which will provide him with substantially all the relief sought, the injunction sought is properly characterized as mandatory rather than prohibitory. *Burgess*, 2005 WL 3531459, at *2. A party seeking a mandatory injunction must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm, should the injunction not be granted. *Id.* (citing *Jolly*, 76 F.3d at 473-74). Accordingly, the Court treats the instant motion as seeking mandatory relief rather than prohibitory relief because plaintiff seeks relief which will alter the status quo or which will provide him with substantially all the relief sought; therefore plaintiff must make a clear or substantial showing of the likelihood of success.

In support of this application, plaintiff contends that he will be irreparably harmed if the Court fails to issue an order requiring defendants to return all of Walker's legal and personal papers and to refrain from further retaliation against him. Dkt. No. 7.

**A. Return of legal papers**

Even assuming, *arguendo,* that Walker has established irreparable harm with respect to the alleged confiscation of his legal papers, *see Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984);

*Paulsen v. County of Nassau*, 925 F.2d 65, 68 (2d Cir. 1991) (irreparable harm exists where deprivation of rights under First Amendment alleged) (citation omitted),[2] the Court finds that Walker has wholly failed to establish the second element required concerning this application. With the exception of Walker's self-serving affidavit wherein Walker states, in conclusory terms, that defendants have taken his legal papers, Walker has provided the Court with no evidence which supports, in any way, any of the allegations asserted in his request for injunctive relief. *See* Dkt. No. 7.

### B. Future retaliation

With respect to stopping defendants' future retaliation against Walker, the Court notes that allegations of future injury without more do not establish a real threat of injury. *Gibson v. Walker*, 95-CV-1649, (N.D.N.Y. December 7, 1995) (Di Bianco, M.J.) (citing *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238 (S.D.N.Y. June 27, 1994)). Walker requests that defendants "refrain from further retaliation" against him. Dkt. No. 7 at 3. Walker's contention of future retaliation without more are too speculative to establish irreparable harm. Additionally, even if Walker could establish irreparable harm as to this aspect of his motion, he has again submitted no evidence, aside from his own allegations, that his claims of retaliation are meritorious.

### C. Conclusion

After thoroughly considering all of the papers before it concerning the present application, the Court finds that Walker has failed to establish that he will suffer irreparable harm with respect to his claims that his personal papers were confiscated or that he fears future retaliation. Moreover, Walker has failed to prove either a likelihood of success on the merits of his any of his claims or

---

[2] The Court finds that Walker has failed to establish irreparable harm with respect to his personal papers.

sufficiently serious questions going to the merits of same and a balance of hardships tipping decidedly toward him. Therefore, the Court **denies** Walker's motion for injunctive relief.

## II.    Amended complaint

The proposed amended complaint adds an additional defendant and asserts allegations of wrongdoing against him in relation to Walker's claims that he was denied access to the court and retaliated against for exercising his right to file grievances and complaints.  Dkt. No. 18.  The amended complaint is approved for filing in this action.

## III.   Writ of attachment

Turning to Walker's motion for a writ of attachment, Walker asks for a writ in the sum of four million dollars against each defendant.  Dkt. No. 21 at 3.  Defendants oppose the motion because it is not in compliance with Local Rule 7.1(a) and the "Memorandum contains no law of the State of New York as required by FED. R. CIV. P. 64."  Dkt. No. 23 at 1-2.  Plaintiff has replied to Defendants' response.  Dkt. No. 25.

>  Rule 64 of the Federal Rules of Civil Procedure states:
>
>  At the commencement of and during the course of an action, all
>  remedies providing for seizure of person or property for the purpose
>  of securing satisfaction of the judgment ultimately to be entered in the
>  action are available under the circumstances and in the manner
>  provided by the law of the state in which the district court is held,
>  existing at the time the remedy is sought, subject to the following
>  qualifications: (1) any existing statute of the United States governs to
>  the extent to which it is applicable; (2) the action in which any of the
>  foregoing remedies is used shall be commenced and prosecuted or, if
>  removed from a state court, shall be prosecuted after removal,
>  pursuant to these rules. The remedies thus available include arrest,
>  attachment, garnishment, replevin, sequestration, and other
>  corresponding or equivalent remedies, however designated and
>  regardless of whether by state procedure the remedy is ancillary to an
>  action or must be obtained by an independent action.

Fed. R. Civ. P. 64.

In New York State, the issuance of a writ of attachment is governed by New York Civil Practice Laws and Rules ("CPLR") 6201 and 6212.  CPLR 6201 provides:

> An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
>
> 1. the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
>
> 2. the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or
>
> 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or
>
> 4. the action is brought by the victim or the representative of the victim of a crime, as defined in subdivision six of section six hundred twenty-one of the executive law, against the person or the legal representative or assignee of the person convicted of committing such crime and seeks to recover damages sustained as a result of such crime pursuant to section six hundred thirty-two-a of the executive law; or
>
> 5. the cause of action is based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, or on a judgment which qualifies for recognition under the provisions of article 53.

CPLR 6201.  CPLR 6212(a) states that on a motion for an order of attachment, plaintiff must demonstrate that "there is a cause of action, that it is probable that plaintiff will succeed on the merits, and that one or more grounds for attachment provided in [CPLR] section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." The burden of proof is upon the moving party to establish grounds for the writ of attachment.

5

*General Textile Printing & Processing Corp. v. Expromtorg International Corp.*, 862 F. Supp. 1070, 1073 (S.D.N.Y. 1994) (citation omitted). "The issuance of an order of attachment, even if the statutory requirements are met, is in the discretion of the court." *General Textile Printing & Processing Corp.*, 862 F. Supp. at 1073 (citation omitted).

In the present action, Walker has **not** established that one of the grounds for attachment set forth in CPLR 6201 exists. Moreover, Walker has **not** submitted evidence to demonstrate that it is "probable that plaintiff will succeed on the merits" of his action. *See* CPLR 6212(a). Accordingly, Walker's motion for a writ of attachment is **denied**.

**WHEREFORE**, it is hereby

**ORDERED**, that Walker's motion for injunctive relief (Dkt. No. 7) is **DENIED**, and it is further

**ORDERED**, that the Clerk is directed to add "Harley P. Lappin, Director of B.O.P" as a defendant to this action, and it is further

**ORDERED**, that the Clerk shall complete a waiver of service of process form for defendant Lappin and provide it to the United States Marshal, who shall serve the form, together with a copy of Walker's amended complaint, on defendant Lappin. The Clerk shall also issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal, for service on both the United States Attorney for the Northern District of New York ("U.S. Attorney's Office") and the Attorney General of the United States in Washington, D.C. in accordance with the Federal Rules of Civil Procedure. The Clerk shall also forward a copy of this Order to the U.S. Attorney's Office, and it is further

**ORDERED**, that Walker serve a copy of the amended complaint on opposing counsel

**within thirty (30) days** of the filing date of this Order, and it is further

**ORDERED**, that a formal response to Walker's amended complaint be filed by the defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure, and it is further

**ORDERED**, that plaintiff's motion for a writ of attachment (Dkt. No. 21) is **DENIED** , and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties.

July 6, 2006

_____
Gary L. Sharpe
U.S. District Judge