**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY A. WALKER,**

                      **Plaintiff,**                    **9:05-CV-1372**
                                                             **(GLS/GJD)**

            **v.**

**DAVID SNYDER, JAMES COCHRAN,**
**D.B. DREW, D. SCOTT DODRILL,**
**HARRELL WATTS and HARLEY P.**
**LAPPIN,**

                      **Defendants.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JEFFREY WALKER
Plaintiff, *Pro Se*
10823-014
FCI Fairton, B-Left
P.O. Box 420
Fairton, New Jersey 08320

**FOR THE DEFENDANTS:**

HON. GLEN T. SUDDABY          BARBARA D. COTTRELL
Office of United States Attorney    Assistant U.S. Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, New York 12207

**Gary L. Sharpe**
**U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

After Jeffrey Walker filed a § 1983 action alleging violations of his First Amendment rights,[1] *see Dkt. No. 1; see also* 42 U.S.C. § 1983, his complaint was referred to Chief Magistrate Judge Gustave J. DiBianco for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G). Subsequently, Judge DiBianco issued a report recommending that defendants' motion for summary judgment be granted in its entirety. *See Report-Recommendation ("R&R"), Dkt. No. 45.*[2]

Broadly construing the complaint, Judge DiBianco concluded the following: (1) Walker failed to show actual injury as a result of deficient access to the courts, and (2) he has failed to establish any nexus between his legal actions and defendants' adverse conduct to prove retaliation.

Walker has now filed objections to Judge DiBianco's report. *See Dkt. No. 46.* Although timely, the objections do not specifically address Judge DiBianco's factual and legal conclusions. Instead, Walker has simply

---

[1] Walker asserts that his First Amendment rights were violated when he was denied access to the courts and retaliated against by defendants for filing several legal actions. *See Dkt. No. 1.*

[2] The Clerk is directed to append Judge DiBianco's Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 45.*

repeated the facts and arguments contained in his original petition and motion papers.  His objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims.  Specifically, Walker claims that there are disputed facts concerning the manner in which he received mail from the Second Circuit while in prison.[3]  This assertion ignores Judge DiBianco's careful factual analysis explaining why these allegations are either false or fail to amount to a constitutional violation.  In sum, Walker has failed to show actual injury as a result of deficient access to the courts.

Given the inadequacy of Walker's objections, he has procedurally defaulted.  *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006).  Accordingly, the court has reviewed Judge DiBianco's report and recommendation for clear error.  *See Almonte*, 2006 WL 149049, at *6.  Having discerned none, the court adopts the report and recommendation in its entirety, and Walker's

---

[3] In his objections, Walker claims that the disputed facts are as follows: (1) that an envelope sent by him to the Second Circuit, and the envelope sent back to him from the Circuit do not match; (2) that it is unclear whether mail sent back to him from the Circuit was due to an incorrect address or a problem with forwarding mail to Walker's new address; and (3) that the Second Circuit itself incorrectly forwarded Walker's mail to the wrong address, even though he had properly submitted a change of address form.  *See Dkt. No. 46.*  Walker maintains that these facts constitute actual injury, but the court disagrees for the reasons articulated by Judge DiBianco.

complaint is dismissed in its entirety.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that; and it is further

**ORDERED** that Judge DiBianco's March 26, 2007 Report-Recommendation (**Dkt. No. 45**) is accepted and adopted in its entirety, defendants' motion for summary judgment is GRANTED (Dkt. No. 32), Walker's cross motion for summary judgment (Dkt. No. 40) is DENIED; and Walker's complaint is dismissed in its entirety; and it is further

**ORDERED** that the Clerk enter judgment in favor of the defendants and close the case; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties by mail.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge